BURCH vs UNITED STATES.

Opinion rendered Sept. 26, 1907.

(104 S. W. Rep. 619).

:1.  *Indians—Sending Liquor into the Indian Territory.*

.The Act of Congress March 1, 1895 c. 145 § 8, 28 Stat. 697, made it
unlawful to send liquor into the territory from without and un-
lawful to receive it and the law is now and has been in force in
the Territory since its enactment.

Error to the United States Court for the Southern
District of the Indian Territory; before Justice J. T. Dickerson,
November 28, 1905.

Sid Burch was convicted of introducing intoxicating
liquor into Indian Territory, and brings error. Affirmed.

On November 28, 1905, the appellant was convicted
in the United States Court for the Southern district of Indian
Territory, at Purcell, under the following indictment: "The
grand jurors of the United States of America, duly selected,
impaneled, sworn, and charged to inquire within and for the
body of the Southern district of the Indian Territory, in the
name and by the authority of the United States of America,
upon their oaths do find, present, and charge that one Sid
Burch, and one Silas Burch, on the fourteenth day of November,
A. D. 1905, within the Southern district of the Indian Territory,
unlawfully and feloniously did then and there introduce from
beyond and without the limits of said Indian Territory to
within said Southern district of the Indian Territory vinous
liquor, wine, and intoxicating liquor, contrary to the form of
the statute in such case made and provided, and against the
peace and dignity of the United States of America." Prior
to his conviction, and on November 14, 1905, the regular grand

jury was impaneled and found the indictment above set out. On November 23, 1905, appellant filed a motion to transfer the cause from Purcell to Pauls Valley for trial, which motion was overruled by the court, and thereafter, on November 24th it being the eleventh day of the regular November term of said court, the petit jury were discharged, and the court made the following order for a venire facias: "It now appearing to the court that on Monday, November 27, 1905, a second term of court will convene at this place, and no provisions being made for the selection of a jury by jury commissioners in the order for said second term, it is ordered that a venire facias issue directing the United States marshal of this court to summons twenty-four (24) good and lawful men to serve as petit jurors for said second term. Said venire facias is made returnable at two o'clock p. m. on Monday, November 27, A. D. 1905." That a stated term of United States Court in Indian Territory, Southern district, convinced at Purcell on November 27, 1905, and the court proceeded to impanel a petit jury for said stated term. The venire facias theretofore ordered was returned into court showing the service of 24 petit jurors, who were thereupon duly sworn as the law directs. The defendant filed challenge to the array of petit jurors, in writing, as follows: "Now comes the defendants and objects to the panel of jurors, before which he is arraigned, because said jurors have not been summoned in the manner required by the statute, and said jurors do not constitute a lawful jury, in that they were not selected by a jury commission, as provided by statute, and no order of court, based on sufficient reasons, has been issued requiring the United States marshal to summons a jury to try this cause, and in fact there can be no such order, in that it has in no manner been shown to the court that there has been a failure to appoint a jury commission, or that for any reason a jury commission has failed to act." This challenge to the array was overruled by the

court; defendant excepting. Whereupon, over the exception of the defendant, witnesses were called and sworn, testimony introduced, the jury duly charged by the court, and returned their verdict of guilty. Whereupon defendant filed a motion for new trial, which, after being submitted to the court, was overruled. Whereupon defendant filed a motion in arrest of judgment, which motion was by the court overruled, and defendant sentenced on the verdict for one year and one day in the penitentiary at Ft. Leavenworth, and that he pay a fine of $100. Defendant prays and is allowed an appeal, and the case now stands in this court for review.

*Prueitt & McMillan* and *J. W. Hocker*, for plaintiff in error.

*George R. Walker*, U. S. Atty., and *James B. Humphrey*, Asst. U. S. Atty.

GILL, C. J. (after stating the facts as above). In this case we have examined with care the instructions of the court with reference to defining the crime of introduction of liquor, and we find that such instructions conform to the law; that any person who, by order transmitted through the mails, or otherwise, to a liquor dealer, without the Indian Territory, directing such liquor dealer to ship or send in intoxicating liquor of whatsoever name, or description, from without the territory into the territory, and who receives or obtains possession of such intoxicating liquor on the strength of such order, within the territory, is guilty of violating section 8 of the act of March 1, 1895 (28 Stat. 697, c. 145); that such section 8 is in full force and effect in Indian Territory, and has been since its enactment; and that the indictment states the offense, and judgment should not be arrested.

With reference to the selection of the jury: The statute in force in this jurisdiction is found in Mansf. Dig. § 3976 et seq. (Ind. Ter. Ann. St. 1899, § 2656). Section 3976 reads

as follows: "Jurors in both civil and criminal cases shall be selected as follows: The Circuit Courts at their several terms shall select three jury commissioners possessing the qualifica, tions of petit jurymen, who have no suits in court requiring the intervention of a jury." These jury commissioners are, under the following sections, to take the oath of office, retire, and proceed to select a jury for the District Court at the ensuing term, and there is no other manner or method of securing a jury for the District Court except as found in section 4003 of Mansfield's Digest of Statutes (Ind. Ter. Ann. St. 1899, § 2683), which reads as follows: "If, for any cause, the jury commissioners shall not be appointed, or shall fail to select a grand or petit jury, as provided in this chapter, or the panel selected shall be set aside or the jury lists returned in court shall be lost or destroyed, the court shall order the sheriff to summon a grand or petit jury of the proper number, who shall attend and perform the duties thereof, respectively, as if they had been regularly selected." In this case it seems that one term of court followed immediately upon the close of a first term. No jury commissioners had been appointed, and the term of court was coming on under the circumstances and exigencies attempted to be provided for under section 4003.

We are satisfied that the court was fully authorized to impanel the jury that tried this cause in the manner in which it was tried; that the record in this case shows that the defendant was tried by a fair and impartial jury; that the evidence in this case discloses that he had willfully violated the provisions of the liquor law, and the jury were warranted in returning a verdict of guilty, and the court in imposing the sentence exercised its wise and proper judgment; that there is no error in the record, and the decision of the court below is affirmed.

CLAYTON, TOWNSEND, and LAWRENCE, JJ., concur.